UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM MICHAEL HUFFMAN and )<br>PATRICIA RENEE ROBERTSON HUFFMAN, )<br>)<br>Defendants. ) | No. 4:06 CR 352 CAS<br>DDN |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the Court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). A hearing was held on August 23, 2006. A post-hearing memorandum was filed on August 25, 2006.

Defendant William Michael Huffman has moved to dismiss Counts 4 through 7 of the indictment (Doc. 29), and for relief from the prejudicial joinder of Counts 1, 2, and 3 (Doc. 31). Defendant Patricia Renee Robertson Huffman has moved for separate trials of counts and severance of defendants (Doc. 40).

**Motion to dismiss**

In his motion to dismiss, defendant William Huffman argues that Counts 4, 5, 6, and 7 are legally insufficient on their face, because they do not allege the essential criminal element that defendant acted with the intent to defraud.

The indictment charges both defendants with 26 counts of violating the federal laws regarding fraudulent financial dealings. Counts 4, 5, 6, and 7 allege that defendants violated 18 U.S.C. § 1344, by executing four separate schemes to defraud Canton State Bank of money and property. The essential elements of a § 1344 violation are that defendant (1) knowingly, (2) with the intent to defraud (3) executed or attempted to execute a scheme or artifice (4) to defraud a financial institution; or (4) to obtain money or other property of a financial

institution by means of material, false or fraudulent pretenses, representations, or promises. See 18 U.S.C. § 1344; Neder v. United States, 527 U.S. 1, 25 (1999)(materiality of falsehood is an element of the crime); United States v. Thomas, 451 F.3d 543, 549 (8th Cir. 2006)("To convict [defendant] of bank fraud, the government had to demonstrate that he . . . did so with the intent to defraud . . . .") Each of the schemes in the respective counts involved movant acting in his capacity of president of Canton State Bank causing the bank to lend amounts of money to Wayne Kirchhoff, following which movant would cause Kirchhoff to deliver cash to, or to write one or more checks payable to, movant and/or a minor child of movant and co-defendant which would be endorsed and deposited into movant's or co-defendant's bank account. As part of each alleged scheme, movant represented to the bank that the respective loan was being made for the benefit of Kirchhoff when in truth, "as William Michael Huffman . . . well knew," the loan was made for the benefit of movant and/or co-defendant, without the knowledge and consent of any officer of the bank other than movant. None of Counts 4, 5, 6, or 7 uses the specific language "intent to defraud" in describing movant's alleged actions.

Two general guiding principles are that the indictment's mere citation to a statute does not suffice to supply constitutionally required allegations, United States v. Olson, 262 F.3d 795, 799 (8th Cir. 2001), and that the use of a specific word or phrase, such as "intent to defraud," is unnecessary as long as the indictment otherwise "substantially states the element." United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988). More specifically to the point raised in this case, the Eighth Circuit has stated that having the intent to defraud means more than intending merely to deceive; it includes intending to deprive another of something of value. United States v. Clapp, 46 F.3d 795, 803 (8th Cir. 1995); see also United States v. Whitehead, 176 F.3d 1030, 1038 (8th Cir. 1999). The issue raised by movant, then, is whether the indictment is legally sufficient on its face in the way it reflects the finding of the grand jury that § 1344 was violated and in the way it gives notice of the elements of the charges.

Case law in the Eighth Circuit indicates that the indictment sufficiently alleges that the defendants acted with the required intent to defraud. In <u>United States v. Nieman</u>, 265 F. Supp. 2d 1017 (N.D. Iowa 2003), the district court, adverting to the Eighth Circuit's opinion in <u>Whitehead</u>, 176 F.3d at 1037-41, determined that the required element of "intent to defraud" was found to be in the definition of "scheme or artifice to defraud," alleged in the indictment, which imported the disputed criminal intent; it is unnecessary for the indictment to allege separately and expressly that the defendants acted with the intent to defraud. 265 F. Supp. 2d at 1029-32.

Each of Counts 4 through 7 of the superseding indictment before the court alleges that the defendants "devised a scheme and artifice: (a) to defraud Canton State Bank . . ., and (b) to obtain moneys . . . of Canton State Bank . . . by means of material false and fraudulent pretenses, representations and promises." Thus, in the legal definition of the alleged "scheme and artifice" is found the required criminal intent.

For these reasons, the motion to dismiss should be denied.

### Joinder of Counts 1, 2, and 3

William Huffman has moved for relief from the joinder of Counts 1, 2, and 3, which he argues is prejudicial (Doc. 31). Defendant argues first that Counts 1, 2, and 3 allege three separate conspiracies and that the allegations of the three counts are factually very similar. He argues that they involve the Canton State Bank,[1] substantially overlapping and inclusive time frames, similar schemes,[2] but different

---

[1] Whereas Counts 2 and 3 involve transfers of money in accounts of only Canton State Bank, Count 1 alleges involvement with not only Canton State Bank but also Paris National Bank, Perry State Bank, Bank of Monticello, and the Farm Service Agency, an agency of the U.S. Department of Agriculture.

[2] Count 1 alleges October 26, 2001, to August 4, 2004; Count 2 August 5, 2002, to May 28, 2003; and Count 3 August 5, 2002, to May 28, 2003.

statutes[3]. Count 1 alleges that defendants conspired in violation of 18 U.S.C. § 371 to violate 18 U.S.C. § 1014, involving the making of false material statements, and 18 U.S.C. § 1001, involving the making of false and material statements in matters before a federal executive agency. Count 1 alleges 58 overt acts. Counts 2 and 3 do not expressly allege overt acts but do allege the identical general "manner and means of the conspiracy" in each count. Defendant argues that, if the three counts allege separate conspiracies, the jury will not be able to keep evidence of them separate.

The government argues that each of the three counts alleges criminal acts, prohibited by separate statutes, that are intended by Congress to be separately punished. Count 2 builds on Count 1 by requiring proof of conspiracy to commit bank fraud and Count 3 builds on both by requiring proof of money laundering.

Whether or not Counts 1, 2, and 3 ought to be severed because they and their relevant evidence are too alike to be compartmentalized by the jury is an issue that must await trial. In assessing the jury's ability to compartmentalize the evidence against joint defendants, the court should consider the complexity of the evidence, whether any of the defendants was acquitted, the adequacy of the jury instructions, and the admonitions to the jury. United States v. Ghant, 339 F.3d 660, 665-66 (8th Cir. 2003). Such considerations must await trial to be fully considered.

Defendant invokes the ruling in United States v. Padilla, 2006 WL 2415946 (S.D. Fla. 2006), regarding multiplicitous indictments. If Counts 1, 2, and 3 allege the same conspiracy, the indictment is multiplicitous. An indictment is multiplicitous when it charges the same offense in more than one count. United States v. Worthon, 315 F.3d 980, 983 (8th Cir. 2003). The constitutional problem with multiplicity is that it may lead to multiple sentences for the same offense. See United States v. Street, 66 F.3d 969, 975 (8th Cir. 1995). An indictment is not defective as multiplicitous, if each count requires

---

[3]Count 1 alleges a violation of 18 U.S.C. § 371; Count 2 a violation of 18 U.S.C. § 1349; and Count 3 a violation of 18 U.S.C. § 1956(h).

proof of a fact which the other does not. <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932); <u>United States v. Ervasti</u>, 201 F.3d 1029, 1039 (8th Cir. 2000).

In <u>Padilla</u>, the court decided that defendant was charged with one conspiracy in three counts. The Count 1 allegations were the predicates for the separate allegations in Counts 2 and 3 that 18 U.S.C. § 2339A was violated. The court determined that this violated the defendant's double jeopardy rights and dismissed Count 1. In reaching its determination, the court decided that the indictment did not allege violations of different statutes. 2006 WL 2415946 at *3-4.

In the case at bar, Count 1 alleges false loan documents were submitted to federally insured banks and the federal agency to obtain personal loans. Count 1 is based on a different conspiracy statute than Counts 2 and 3 and on different facts. The legal and factual boundaries of the allegations in the three counts are not coterminous.

If the trial evidence proves one agreement that violates several statutes, each with different elements, as the government argues, and the indictment alleges, the court can consider at sentencing whether or not Congress intended multiple punishments. <u>United States v. Woodward</u>, 469 U.S. 105, 108-10 (1985); <u>Missouri v. Hunter</u>, 459 U.S. 359, 368 (1983); <u>United States v. Allen</u>, 247 f.3d 741, 767-69 (8th Cir. 2001), <u>vacated on other grounds</u>, 536 U.S. 953 (2002).

For these reasons, the motion for relief from joinder should be denied.

<u>Severance of Counts and Defendants</u>

Movant Patricia Huffman has moved for separate trials of counts and of defendants (Doc. 40). She is charged with her husband in all 26 counts. She has divided the counts into groups. Counts 1 and 13 through 26, involving loans secured by her and her husband, comprise Group I. Counts 2 through 12, involving loans secured by Wayne E. Kirchhoff, comprise Group II.

She argues that the two groups of counts were improperly joined in the indictment under Federal Rule of Criminal Procedure 8, because they

are not based on the same act or transaction and are not parts of a common scheme or plan.

The two groups of counts were properly joined under Rule 8(a), because on the face of the indictment they are of a similar character, involving fraudulent financial transactions, even if they turn out not to be parts of a common scheme or plan. Because both defendants are charged in each count, joinder was proper under Rule 8(b).

Defendant argues that there would be sufficient prejudice by the joinder of counts and defendants to warrant severance under Rule 14. The court disagrees.

There is a presumption that all charged co-conspirators should be tried together when the proof against each is based upon the same facts and evidence. See United States v. Frazier, 280 F.3d 835, 844 (8th Cir. 2002); United States v. Huff, 959 F.2d 731, 736 (8th Cir. 1992). "Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." United States v. Flores, 362 F.3d 1030, 1039 (8th Cir. 2004) (internal quotations omitted).

Despite the preference for joint trials, if the joinder of offenses or defendants in an indictment appears to prejudice a defendant, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. See Fed. R. Crim. P. 14(a); Zafiro v. United States, 506 U.S. 534, 539 (1993); United States v. Boyd, 180 F.3d 967, 982 (8th Cir. 1999). "To grant a motion for severance, the necessary prejudice must be 'severe or compelling.'" United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003).

Whether or not there was joinder is but one factor to assess in determining whether severance should be ordered. Joint trials are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." United States v. Lane, 474 U.S. 438, 449 (1986) (internal quotations omitted). The court must look to defendant's showing that prejudice would result from joinder and consider whether such prejudice can be avoided at trial. Very often,

relevant factors cannot be fully evaluated until during trial, such as the effect of limiting instructions or the strength of the government's evidence, and the number of defendants tried jointly. United States v. Sazenski, 833 F.2d 741, 745-46 (8th Cir. 1987).

Movant argues that she might wish to testify in her defense of one group of counts, but not the other. If she does so testify, she argues her testimony on one group would waive her Fifth Amendment rights not to be compelled to testify regarding the other group. Whether or not such would be the case is an issue that must await the trial testimony, the evidence of the dissimilarity of the groups of counts, the ruling of the trial judge, and the defendant's trial strategy.

Movant's argument that the jury would not be able to compartmentalize the two groups of counts must await the presentation of the evidence at trial.

Movant also argues that, at a joint trial, the jury might impute to her the conduct of her husband, because of their married status. This concern can be well dealt with by cautionary jury instructions and can arise from the facts offered against her at both a joint trial or a separate trial by evidence of her husband's acts. Furthermore, the acts of her husband may lawfully be imputed to her as a member of the same conspiracy. E.g., United States v. Hayes, 391 F.3d 958, 963 (8th Cir. 2004).

Movant also argues that her right to confront the witnesses against her, defined in Crawford v. Washington, 541 U.S. 36 (2004), would be defeated by a joint trial. The undersigned disagrees. If one or more out of court statements are admissible against her, such as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E), and if each is non-testimonial in nature (e.g., given in response to police questioning, see Crawford v. Washington), and supported by a "firmly rooted" exception to the hearsay rule, Ohio v. Roberts, 448 U.S. 56, 66 (1980), such as are statements of co-conspirators, Bourjaily v. United States, 483 U.S. 171 (1987), their admission against movant would not violate the Confrontation Clause. Crawford, 541 U.S. at 68.

For these reasons,

**IT IS HEREBY RECOMMENDED** that the motion of defendant William Michael Huffman to dismiss Counts 4 through 7 of the indictment (Doc. 29) be denied.

**IT IS FURTHER RECOMMENDED** that the motion of defendant William Michael Huffman for relief from the prejudicial joinder of Counts 1, 2, and 3 (Doc. 31) be denied.

**IT IS FURTHER RECOMMENDED** that the motion of defendant Patricia Renee Robertson Huffman for separate trials of counts and severance of defendants (Doc. 40) be denied.

The parties are advised they have until September 29, 2006,[4] to file written objections to this Report and Recommendation. The failure to file timely, written objections may result in a waiver of the right to appeal issues of fact.

/s/ David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 18, 2006.

---

[4] This is 11 calendar days from September 18, 2006. See F. R. Crim. P. 45(a)(2), 59(a).